IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ) <br> NATIONAL ELEVATOR INDUSTRY ) <br> HEALTH BENEFIT PLAN ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT MONTANILE ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> FILE NO. |

## COMPLAINT

COMES NOW, Board of Trustees of the National Elevator Industry Health Benefit Plan (Board of Trustees), by and through undersigned counsel, and for its Complaint against the Defendant, states and alleges as follows:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1000-1461.

2. The National Elevator Industry Health Benefit Plan (the "Plan") is a self-funded, multi-employer, employee welfare benefit plan as those terms are defined by ERISA. The Plan was created in accordance with its Restated Agreement and Declaration of Trust (the Trust Agreement) and is administered by the Board of Trustees at 19 Campus Boulevard, Newtown Square, Pennsylvania.

3. The Board of Trustees is a fiduciary of the Plan and is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. §1132(a)(3) and federal common law.

4. This is an action for the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of the Defendant. No money damages are being sought from Defendant in this action.

5. Defendant Robert Montanile (hereafter "Defendant Montanile") is a resident of the State of Florida, residing at 275 Murcia Drive, Apartment 113, Jupiter, Florida, 33458 located within the Southern District of Florida, West Palm Beach Division.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

7. Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendant resides in this District and the Plan is administered in this District.

## FACTUAL ALLEGATIONS

8. At all times relevant herein, Defendant Montanile was a participant in the Plan.

9. On or about December 1, 2008, Defendant Montanile sustained personal injuries in an automobile accident.

10. As the result of injuries sustained by Defendant Montanile in the aforementioned accident, the Plan paid medical benefits in the amount of at least $121,044.02 on his behalf.

11.     Under the terms of the Trust Agreement, the Trustees have full discretionary authority to adopt a Plan of Welfare Benefits, which sets forth eligibility requirements, type, amount, and duration of benefits that are to be provided to participants.  In accordance with this authority, the Trustees have adopted the National Elevator Industry Health Benefit Plan Summary Plan Description (hereinafter "Plan of Welfare Benefits"). The Plan of Welfare Benefits is intended to be and meets ERISA's requirement of a written plan and summary plan description.  The Plan of Welfare Benefits provides the detailed basis on which payment of benefits is to be made pursuant to the Trust Agreement.

12.     The Plan of Welfare Benefits contains an express provision, which provides that Plan participants must fully reimburse the Plan from payments received from settlement of claims for injury or sickness caused by a third party. Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the Plan of Welfare Benefits, which are incorporated by reference herein.

13.     Upon information or belief, Defendant Montanile filed both a negligence claim against the at-fault driver and an uninsured motorist claim against his own automobile insurance coverage.

14.     Upon information or belief, Defendant Montanile has settled the aforementioned claims.

15.     Upon information and belief, all or part of the settlement proceeds are within the actual or constructive possession of Defendant Montanile.

16.     Despite requests, the Defendant has failed to reimburse the Plan from the proceeds of the settlement; and has thereby breached the terms of the Plan and ERISA.

## COUNT I: CONSTRUCTIVE TRUST AND EQUITABLE LIEN

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 16, above.

18. Pursuant to 29 U.S.C. §1132(a)(3), the Plaintiff seeks equitable relief against the Defendant Montanile to enforce ERISA and the written terms of the Plan.

19. Upon information and belief, Defendant Montanile is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the Plan.

20. Defendant was on notice of his obligations and the Plan's rights pursuant to the written terms of the Plan.

21. Defendant Montanile has refused to turn over the settlement funds according to the written provisions of the Plan of Welfare Benefits. Defendant's refusal violates the terms of the Plan of Welfare Benefits and ERISA. The Plan is entitled to equitable restitution in the form of a constructive trust or equitable lien with respect to the disputed funds held in Defendant's actual or constructive possession.

22. Defendant should be ordered to turn over to the Plan any settlement funds in his actual or constructive possession (up to the amount of the benefits advanced by the Plan on his behalf) in order to enforce the written terms of the Plan of Welfare Benefits and ERISA.

WHEREFORE, the Board of Trustees of the National Elevator Industry Health Benefit Plan seeks the following relief:

    a. For service upon the Defendant as required by law;

b. An order imposing a constructive trust and/or equitable lien in favor of the Plan upon any settlement funds or any property into which they have been converted which are in the Defendant's possession or under the Defendant's control;

c. An order enjoining the Defendant from dissipating any of the settlement funds held in his actual or constructive possession until the Plan's rights can be adjudicated;

d. An order enjoining the Defendant from transferring or disposing of the settlement funds which would prejudice, frustrate or impair the Plan's ability to recover same;

e. An order awarding to the Plan reasonable attorney's fees and costs incurred herein, pursuant to section 29 U.S.C §1132(g)(1) and

f. Other and further equitable relief to which the Plan may be entitled.

This 10th day of July, 2012.

/s/  John D. Kolb
JOHN D. KOLB
**GIBSON & SHARPS, PSC**
9420 Bunsen Parkway
Suite 250
Louisville, KY  40220
Telephone:    502-214-6125
Facsimile:     502-214-1064
E-mail: jdk@gibsonsharps.com

**ATTORNEY FOR PLAINTIFF**