UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

BOARD OF TRUSTEES OF THE
NATIONAL ELEVATOR INDUSTRY
HEALTH BENEFIT PLAN,

      Plaintiff,

v.                                     Case #: 9:12-cv-80746-DMM

ROBERT MONTANILE,

      Defendant.
_____ /

## DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, ROBERT MONTANILE, ("MONTANILE"), by and through his undersigned counsel, submits the following Answer in response to the Plaintiff Board of Trustees of the National Elevator Industry Health Benefit Plan's ("the Plan") Complaint.

## ANSWER

1. MONTANILE admits that the Plan seeks equitable relief and denies all remaining allegations of paragraph 1 of the Complaint.

2. MONTANILE admits the allegations of paragraph 2 of the Complaint.

3. MONTANILE denies the allegations of paragraph 3 of the Complaint.

4. MONTANILE denies the allegations of paragraph 4 of the Complaint.

5. MONTANILE denies the allegations of paragraph 5 of the Complaint.

6. MONTANILE admits the allegations of paragraph 6 of the Complaint.

7. MONTANILE admits the allegations of paragraph 7 of the Complaint.

8. MONTANILE admits the allegations of paragraph 8 of the Complaint.

9. MONTANILE admits the allegations of paragraph 9 of the Complaint.

10. MONTANILE admits the allegations of paragraph 10 of the Complaint.

11. MONTANILE admits that the Plan of Welfare Benefits described in paragraph 11 of the Complaint is one of the governing documents for the ERISA group health benefits Plan at issue in this case.  MONTANILE denies any and all additional allegations of paragraph 11 of the Complaint.

12. MONTANILE admits that the Plan of Welfare Benefits contains the language found in Exhibit A to the Complaint.  MONTANILE denies that the language in the Plan of Welfare Benefits is sufficient to obligate MONTANILE to reimburse the Plan for medical expenses covered by the Plan which arose out of MONTANILE's December 1, 2008 accident.

13. MONTANILE admits the allegations of paragraph 13 of the Complaint.

14. MONTANILE admits the allegations of paragraph 14 of the Complaint.

15. MONTANILE admits the allegations of paragraph 15 of the Complaint.

16. MONTANILE admits that he has not reimbursed the Plan from the proceeds of the settlement. MONTANILE denies any and all additional allegations of paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint requires no response but to the extent a response is required, MONTANILE denies the allegations of paragraph 17.

18. MONTANILE denies the allegations of paragraph 18 of the Complaint.

19. MONTANILE denies the allegations of paragraph 19 of the Complaint.

20. MONTANILE denies the allegations of paragraph 20 of the Complaint.

21. MONTANILE denies the allegations of paragraph 21 of the Complaint.

22. MONTANILE denies the allegations of paragraph 22 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Plan's claim fails to state a claim upon which relief can be granted.

    2.       The Plan is not entitled to the relief it seeks based on missing or ambiguous language contained in the governing Plan documents.

    3.       The Plan's claim is barred by waiver.

    4.       The Plan's claim is barred by estoppel.

    5.       The Plan's claim is barred by laches.

    6.       The Plan's claim is barred by limitations of actions.

WHEREFORE, MONTANILE prays for judgment against the Plan as follows:

    1.       That the Plan take nothing by its Complaint;

    2.       That the Complaint be dismissed with prejudice;

    3.       That MONTANILE be awarded his attorney fees and costs pursuant to 29 U.S.C. § 1132(g) and any other applicable provisions of common or statutory law; and;

    4.       For such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **September 17, 2012**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: John D. Kolb, Esquire, Gibson & Sharps, PSC, 9420 Bunsen Parkway, Suite 250, Louisville, KY 40220the foregoing document and the notice of electronic filing to the following non-CM/ECF participants: N/A.

                                                    TUCKER & LUDIN, P.A.

                                                    **/ s/ John V. Tucker**_____
                                                    JOHN V. TUCKER, ESQUIRE
                                                    Florida Bar # 0899917
                                                    13577 Feather Sound Drive # 300
                                                    Clearwater, Florida  33762
                                                    Tel.:   (727) 572-5000
                                                    Fax:    (727) 571-1415
                                                    tucker@tuckerludin.com
                                                    Attorney for Defendant